466 F.2d 917
 1972 Trade Cases P 74,179
 UNITED STATES of America, Plaintiff,
v.
AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,
Defendant-Appellee,
Phillips, Nizer, Benjamin, Krim & Ballon, Kant, Gordon &
Meyers, and Cooper & Hurewitz, Appellants.
 No. 678, Docket 71-1944.
 United States Court of Appeals,
Second Circuit.
 Argued May 16, 1972.
Decided Sept. 11, 1972.
 
 Jay H. Topkis, New York City (Allan L. Blumstein, New York City, Leonard H. Becker, Washington, D.C., Paul, Weiss, Rifkind, Wharton & Garrison, Herman Finkelstein, New York City, on brief), for appellee.
 Louis Nizer, New York City (Phillips, Nizer, Benjamin, Krim & Ballon, New York City, Kant, Gordon & Meyers and Cooper & Hurewitz, Beverly Hills, Cal., on brief), for appellants pro se.
 Before MOORE, SMITH and HAYS, Circuit Judges.
 HAYS, Circuit Judge.
 
 
 1
 This appeal is a sequel to this court's decision in United States v. A.S.C.A.P., 442 F.2d 601 (2d Cir. 1971). Appellants here are the three law firms that represented the appellants in the earlier case, and their claim on appeal is that the attorneys' fee awarded them by the district court on remand is inadequate.
 
 
 2
 This court's earlier decision concerned the distribution of a sum of money received by the American Society of Composers, Authors and Publishers as license fees from the Columbia Broadcasting System and the American Broadcasting Co. That money, which amounts to about $9,920,000 plus interest, 442 F. 2d at 602, was in payment for the use of works licensed by ASCAP for the years 1962 to 1969. The district court approved a plan proposed by ASCAP's management that would have distributed the found as part of the regular distribution for the fourth quarter of 1970; the money would have been distributed, along with ASCAP's current income, to those members whose compositions had been performed in 1969 and 1970, see 442 F.2d at 603, rather than to those members whose compositions had been performed from 1962 to 1969, and who thus generated the bulk of the fund in controversy. This court agreed with the appellants in that case that such a result was inequitable, and reversed and remanded. The district court, after holding hearings, approved a plan of distribution designed to accord with this court's opinion. Neither side challenges the propriety of the plan adopted.
 
 
 3
 The firm of Phillips, Nizer, Benjamin, Krim & Ballon, on behalf of itself and the other appellants, petitioned the district court for an allowance of attorneys' fees. The amount sought was one-third of the increased benefit received by ASCAP members as a result of the reconsideration ordered by this court, as compared with the amount these members would have received under the plan originally approved by the district court. This increase in benefits has been computed to be $2,548,842.94. The application requested that one-third of this amount "be paid from the shares of those persons who will be receiving these particular monies . . .." The applicants also requested "an additional amount to be charged against the $9,920,000 Fund for the general benefit accorded to ASCAP flowing from the judicial clarification in the decisions rendered in this proceeding and providing such guidance as they will for the future."
 
 
 4
 The district judge awarded appellants a fee of $50,000, plus about $3700 for expenses, payable by ASCAP, and therefore presumably out of the total fund to be distributed. The district court rejected the notion that appellants were representing a "sub-class" of ASCAP members beyond their own individual clients, Gary Zekley and Eddie Brandt, and the court made its award on the sole basis that "[t]he benefit derived from the services of 'Phillips, Nizer' was to aid the Court in determining applicable principles for the allocation of the CBS and ABC license fees."
 
 
 5
 We think the district court erred in not considering the benefit that accrued to a sub-class of ASCAP members as a result of appellants' efforts. The fact that appellants did not contribute to the creation of the fund originally is not dispositive. In Nolte v. Hudson Nav. Co., 47 F.2d 166, 167 (2d Cir. 1931), this court held that attorneys whose efforts caused the redistribution of an existing fund could recover a fee from those who benefited. See also Mills v. Electric Auto-Lite Co., 396 U.S. 375, 392, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); Clark v. Goldman, 124 F.2d 491, 494 (2d Cir. 1941), supplemented, 127 F.2d 852 (2d Cir. 1942). In the present case the district judge erred in rejecting the argument that appellants had benefited a sub-class of ASCAP members and giving as a ground for limiting appellants' fees the "fact that no part of the license fees involved in this proceeding represents a 'fund' created by the efforts of the [appellants]."
 
 
 6
 Appellants are not foreclosed from recovery on their claim because of the absence of any formal indications that they prosecuted the case as a class action.[1] Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); Kahan v. Rosenstiel, 424 F.2d 161 (3d Cir.), cert. denied, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); Washington Gas Light Co. v. Baker, 90 U.S.App.D.C. 98, 195 F.2d 29 (1951). As the Supreme Court said in Sprague:
 
 
 7
 "In her main suit the petitioner neither avowed herself to be the representative of a class nor did she automatically establish a fund in which others could participate. But in view of the consequences of stare decisis, the petitioner by establishing her claim necessarily established the claims of fourteen other trusts pertaining to the same bonds.
 
 
 8
 That the party in a situation like the present neither purported to sue for a class nor formally established by litigation a fund available to the class, does not seem to be a differentiating factor so far as it affects the source of the recognized power of equity to grant reimbursements of the kind for which the petitioner in this case appealed to the chancellor's discretion . . . . [W]hen such a fund is for all practical purposes created for the benefit of others, the formalities of the litigation-the absence of an avowed class suit or the creation of a fund, as it were, through stare decisis rather than through a decree-hardly touch the power of equity in doing justice as between a party and the beneficiaries of his litigation."
 
 
 9
 Sprague v. Ticonic Nat'l Bank, supra, 307 U.S. at 166-167, 59 S.Ct. at 780.
 
 
 10
 While awards in cases such as this should not be "niggardly," Smolowe v. Delendo Corp., 136 F.2d 231, 241 (2d Cir.), cert. denied, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446 (1943), the size of the recovery is only one of several factors to be considered, e.g., Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 79 (2d Cir. 1971), cert. granted, 405 U.S. 915, 92 S.Ct. 960, 30 L.Ed.2d 785 (1972); Angoff v. Goldfine, 270 F.2d 185, 189 (lst Cir. 1959); Pergament v. Kaiser-Frazer Corp., 224 F.2d 80, 83 (6th Cir. 1955).
 
 
 11
 We believe that the fee awarded should be increased to $100,000. While ASCAP's distribution procedures are somewhat complex, the legal issues involved in the case were not difficult.[2] The district court found that much of the time claimed to have been spent by the lawyers involved was unnecessary to achieve the result,[3] and we cannot say that such a finding was clearly erroneous.
 
 
 12
 Since we have concluded that the primary benefit resulting from the appellants' work as to the sub-class of ASCAP members whose income was increased, our award of attorneys' fees must be charged to that sub-class. See Mills v. Electric Auto-Lite Co., supra, 396 U.S. at 392, 396-397, 90 S.Ct. 616; Nolte v. Hudson Nav. Co., supra.
 
 
 13
 The order of the district court is modified in accordance with this opinion.
 
 
 
 [1]
 On their clients' behalf, appellants originally sought to enjoin ASCAP's proposed distribution by bringing an action in the Superior Court of California. The district court, by order to show cause, in turn enjoined the further prosecution of that action, and this court affirmed. 442 F.2d at 603. Thus appellants' clients were in effect forced into this case as defendants. See id. at 605
 
 
 [2]
 Our previous opinion in this case cited no cases at all on the issue of the distribution of the fund. 442 F.2d at 603-605
 
 
 [3]
 "The affidavits submitted by 'Phillips, Nizer' and by the Associated California firms of attorneys detail a total of 1234 1/2 hours spent by eight experienced senior members of the Bar, which consisted in great measure of telephone conversations and conferences amongst themselves. The problems presented were not of such magnitude as to require the services of three senior members of the 'Nizer' firm for 612 hours; three members of the California firm of Kant, Gordon, Meyers for 421 hours; and the two senior members of Cooper & Hurewitz for 201 1/2 hours. These hours cannot be allowed in this proceeding on any basis equitable or otherwise, as a charge against ASCAP and at most 400 hours may have resulted in some benefit to the Society in bringing about a procedure which might act as a guide in this distribution, and in future similar situations."